**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debbie A Peters, | No. CV-21-00138-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Milestone Technologies Incorporated, | |
| Defendant. | |

On September 28, 2021, the parties notified chambers of a discovery dispute pursuant to the Scheduling Order's discovery-dispute resolution procedures. During the telephonic conference, the parties presented their respective positions regarding the production of certain documents related to Plaintiff's employment and medical treatment. The dispute will be partially taken under advisement and partially resolved, as set forth herein.

**I.     Background**

Plaintiff Debbie Peters filed a Complaint alleging violations of Title VII of the Civil Rights Act, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act, the Arizona Civil Rights Act, and the Arizona Employment Protection Act connected to the termination of her employment with Defendant Milestone Technologies. (*See* Docs. 1, 14.) Plaintiff alleges that she was employed as Defendant's Senior Manager of Total Rewards from

April 2019 to November 2020. (*Id.*) She alleges that she received a lesser job title and pay than her male colleagues who did similar work. (*Id.*) She further alleges that during her employment with Defendant she reported multiple instances of gender- or sex-based discrimination. (*Id.*) She further alleges that, upon her termination, Defendant replaced her with a male employee who received higher pay and a higher title for the same job. (*Id.*) Defendant denies the allegations and argues that Plaintiff was terminated due to unprofessional conduct, including rude, argumentative, and combative communications. (*See* Docs. 11, 14.)

The instant discovery dispute involves disclosure of Plaintiff's medical and employment records. Defendant requests production of Plaintiff's medical records related to her claim for emotional distress, as well as her employment records from previous, prospective, and current employers.

**A. Employment Records**

Regarding Plaintiff's employment records, Defendant seeks three categories of records: (1) records from Plaintiff's former employers; (2) records from Plaintiff's prospective employers (i.e. jobs to which she applied); and (3) records from Plaintiff's current employer. Defendant argues that the former employer records are relevant and discoverable because they relay Plaintiff's employment experience, which is relevant to her claims. Defendant further argues that they are relevant because Plaintiff's qualifications are at issue in the lawsuit; furthermore, the records reflect her mitigation ability and any damages to her reputation or career. Next, Defendant argues that Plaintiff's prospective employer records are relevant and discoverable because they relate to her mitigation ability and the circumstances of her unemployment before being hired by Milestone, and further are reflective of her credibility. Lastly, Defendant argues that records from Plaintiff's current employer, which may include any statements Plaintiff made to her current employer about her employment or termination with Milestone, are relevant and discoverable.

Plaintiff opposes disclosure of any of these records. Plaintiff argues that Defendant has not shown that it is likely to find what it is looking for in any of the records. She further argues that the harm that would accrue to her by subpoenaing her past, current, and prospective employers outweighs the demonstrated benefit to Defendant of such discovery and that it is outside the scope of the litigation, especially absent the demonstration of the existence of any evidence linked to a defense. Plaintiff further argues that her relationship with her current employer would be damaged by a subpoena seeking these records.

### B. Medical Records

Defendant argues that Plaintiff's medical records are relevant and discoverable because Plaintiff makes a claim for emotional distress damages related to her termination. Plaintiff responds that she is alleging "garden variety" emotional distress for which she never explicitly sought medical treatment, and thus Defendant should not be permitted to review her medical records. However, Plaintiff stated during the telephonic conference that she would be willing to produce her medical records to the extent that they include any mention of or treatment for emotional or mental distress related to her termination.

### II.    Applicable Law

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

. . . .

. . . .

### III. Discussion

Having considered the parties' respective positions and arguments, and in an effort to facilitate fair and efficient resolution of this litigation, the Court partially resolves the disputes as set forth herein.

#### A. Employment Records

Regarding the employment records, the Court denies Defendants' request for production of Plaintiff's employment records from her current employer. The Court finds that such production could unfairly and unnecessarily damage Plaintiff's relationship with her current employer. The Court further finds that records from Plaintiff's current employer are not relevant and are outside the scope the instant litigation and that the burden of the proposed discovery on Plaintiff outweighs its likely benefit to Defendant.

Regarding records from Plaintiff's former and prospective employers, Plaintiff shall produce these records for the Court to review *in camera*. Upon completion of an *in camera* review the Court will determine whether such documents are discoverable pursuant to Fed. R. Civ. P. 26.

#### B. Medical Records

Regarding Plaintiff's medical records, the Court will grant Defendants' request for production of the records insofar as the records include any mention of Plaintiff's mental or emotional state related to the termination of her employment with Defendant. The Court finds that such records are relevant because Plaintiff makes a claim for emotional distress related to her termination and that none of the countervailing factors set forth in Rule 26 preclude their discovery. The Court further finds that such disclosure effectively encompasses the relevant claims in this matter and that Plaintiff's medical records are not otherwise discoverable. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D. Cal. 2003) (finding "pure" medical records that do not address mental/emotional health irrelevant to an emotional distress claim). Furthermore, Plaintiff stated she was willing to produce her medical records to the extent that they include or reference her emotional and/or mental health related to her termination of employment with Defendant.

Accordingly,

**IT IS ORDERED** that Defendants' request for production of Plaintiff's records from her current employer is **denied**.

**IT IS FURTHER ORDERED** that Defendants' request for production of Plaintiff's records from her former and prospective employers is **taken under advisement**. Within **thirty (30) days** of the date this Order is filed, Plaintiff shall submit records from her previous and prospective employers under seal for the Court to review *in camera*.

**IT IS FURTHER ORDERED** that Defendants' request for production of Plaintiff's medical records is **granted** insofar as Plaintiff shall produce all medical records that include any mention of Plaintiff's mental or emotional state related to the termination of her employment with Defendant. Plaintiff shall produce such records within **thirty (30) days** of the date this Order is filed.

Dated this 8th day of November, 2021.

_____
Honorable Rosemary Márquez
United States District Judge